

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/13/2012

| | |
|---|---|
| In re: § | |
| § | Case No. 11-36862-H4-13 |
| DAVID L. THALMANN, § | |
| § | |
| Debtor. § | |
| § | |
| § | |

# MEMORANDUM OPINION ON: (1) CREDITOR'S MOTION TO DISMISS; AND (2) DEBTOR'S OBJECTION TO PROOF OF CLAIM
[Docket Nos. 43 and 57]

## I. INTRODUCTION

This Memorandum Opinion addresses two issues related to a final state court judgment obtained against the debtor prior to the filing of his Chapter 13 bankruptcy petition. The first issue concerns whether the debtor filed his Chapter 13 petition in bad faith by scheduling the final state court judgment as "disputed" and failing to list the amount of the judgment when the debtor would not be eligible for relief under Chapter 13 had he properly scheduled the judgment. The second issue is whether a receiver appointed pursuant to Chapter 31 of the Tex. Civ. Prac. & Rem. Code to collect that judgment is authorized to file a proof of claim on behalf of the judgment creditor. For the reasons set forth herein, the Court concludes that the debtor has acted in bad faith, and further concludes that the receiver is not authorized to file a proof of claim.

This Court makes the following findings of fact and conclusions of law pursuant to Federal Bankruptcy Rules 7052 and 9014. To the extent that any finding of fact is construed as a conclusion of law, it is adopted as such; and to the extent any conclusion of law is construed as a finding of fact, it is also adopted as such. This Court reserves the right to make additional findings of fact and conclusions as it deems appropriate or as any party may request.

## II. FINDINGS OF FACT

1. David L. Thalmann is the debtor (the Debtor) in the above-referenced Chapter 13 case.

2. On October 17, 2007, Western Oil Field Supply Co. (Western Oilfield) obtained a default judgment (the Judgment) against the Debtor in the 152nd Judicial District Court in Harris County, Texas in the amount of $153,601.94, bearing interest at the rate of 18% per annum from April 24, 2007 until the Judgment is paid in full, plus attorney's fees in the amount of $51,200.00, bearing interest at the rate of 8.25% per annum from the date of the Judgment until paid in full. [Debtor's Ex. No. 1]. The Judgment states that "this is a Final Judgment disposing of all issues and all parties, and all prior interlocutory orders of the Court in this cause are hereby made final." [Debtor's Ex. No. 1]. The Debtor did not appeal the Judgment.

3. On July 11, 2008, the 152nd Judicial District Court found that Western Oilfield was "entitled to aid from [the] [c]ourt" and issued a turnover order appointing a receiver, David Fettner (the Receiver), to "satisfy the amount owed under the judgment and this receivership." The Receiver was appointed pursuant to the Texas Turnover Statute, Tex. Civ. Prac. & Rem. Code Ann. ch. 31. [Debtor's Ex. No. 2].

4. On May 18, 2011 (the Petition Date), the Debtor filed a voluntary Chapter 13 petition in the Western District of Texas, San Antonio Division. [Docket No. 1]. The Debtor's Schedule F (Creditors Holding Unsecured Nonpriority Claims) lists Western Oilfield as a creditor as a result of the Judgment. [Docket No. 1, p. 30]. Schedule F lists the amount of the Judgment as "[u]nknown" and represents that the claim is disputed. [Docket No. 1, p. 30]. The total amount of claims listed on Schedule F is $153,688.69. [Docket No. 1, p. 30]. The total amount unpaid on the Judgment as of May 18, 2011 was $347,001.04. [Debtor's Ex. No. 1]. If

2

the unpaid amount of the Judgment is added to Schedule F, the total amount of unsecured claims is $500,689.73.

5. On June 23, 2011, the Debtor and the Receiver filed the Joint Motion to Transfer Venue From Western District of Texas to the Southern District of Texas, Houston Division (the Motion to Transfer). [Docket No. 10].

6. On July 7, 2011, the Receiver timely filed a Proof of Claim in the amount of $347,001.04 representing the total amount unpaid and outstanding under the Judgment as of the Petition Date (the Proof of Claim). [Debtor's Ex. No. 1]. The Proof of Claim lists Western Oilfield as the creditor, but the Receiver, instead of an officer of Western Oilfield, signed the proof of claim. [Debtor's Ex. No. 1].

7. On July 21, 2011, the Bankruptcy Court for the Western District of Texas granted the Motion to Transfer and signed the Order of Transfer from the Western District of Texas to the Southern District of Texas. [Docket No. 31].

8. On October 5, 2011, Western Oilfield and the Receiver filed their Joint Motion to Dismiss (the Motion). [Docket No. 43].

9. On October 13, 2011, the Debtor filed his proposed Chapter 13 plan (the Plan). This Court has not yet confirmed the plan. [Docket No. 48].

10. On November 11, 2011, the Debtor filed his Objection to Claim of Western Oilfield (the Objection). [Docket No. 57].

11. On December 12, 2011, the Court held a hearing on both the Motion and the Objection. The Court then continued the hearing until January 26, 2012, and at the close of this hearing took these matters under advisement.

### III. CONCLUSIONS OF LAW

**A.  Jurisdiction, Venue, and Constitutional Authority to Enter a Final Judgment.**

    1.  <u>Jurisdiction</u>

The Court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 1334(b) and 157(a).  These contested matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (O), and the general "catch-all" language of 28 U.S.C. § 157(b)(2).  *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *De Montaigu v. Ginther (In re Ginther Trusts)*, Adv. No. 06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance").

    2.  <u>Venue</u>

Venue is proper pursuant to 28 U.S.C. § 1408(1).

    3.  <u>Constitutional Authority to Enter a Final Judgment</u>

Having concluded that this Court has jurisdiction over these contested matters, this Court nevertheless notes that *Stern v. Marshall*, 131 S. Ct. 2594 (2011) sets forth certain limitations on the constitutional authority of bankruptcy courts to enter final orders.  In *Stern*, the debtor filed a counterclaim against a creditor who had filed a proof of claim.  The debtor's counterclaim was based solely on state law; there was no Bankruptcy Code provision undergirding the counterclaim.  *Id.* at 2611.  Moreover, the resolution of the counterclaim was not necessary to adjudicating the claim of the creditor.  *Id.*  Under these circumstances, the Supreme Court held that the bankruptcy court lacked constitutional authority to enter a final judgment on the debtor's

4

counterclaim. *Id.* at 2620. This Court concludes that it has constitutional authority to sign a final order in the dispute at bar for the reasons set forth below:`

      a.    *The Motion to Dismiss is Based On an Express Bankruptcy Statute, Not On Any State Law.*

In *Stern*, the suit between the debtor's estate and the creditor concerned solely state law issues. *Id.* at 2611. In the case at bar, the Motion to Dismiss arises out of whether the Debtor acted in bad faith in filing his bankruptcy petition. The relief sought in the Motion is based upon Bankruptcy Code Sections 1307(c)—providing that a bankruptcy court may dismiss or convert a case for cause—and 1325(a)(3) and (a)(7), which provide that in confirming a plan, the bankruptcy court may consider whether the debtor acted in good faith when filing his petition and proposing his plan. State law has no equivalent to these statutes; they are purely a creature of the Bankruptcy Code. Accordingly, because the resolution of this dispute is based on express bankruptcy statutes, not state law, *Stern* is inapplicable, and this Court has the constitutional authority to enter a final judgment on the Motion pursuant to 28 U.S.C. §§ 157(a) and (b)(1).

      b.    *The Objection to the Proof of Claim is Based Upon an Express Bankruptcy Statute and Bankruptcy Rule, and the Resolution of This Dispute Necessarily Determines Whether the Claim is Valid.*

The facts in the case at bar are easily distinguishable from the facts in *Stern*. In *Stern*, the debtor filed a counterclaim against a creditor who had filed a proof of claim. As already noted, the debtor's counterclaim was based solely on state law; there was no Code provision undergirding the counterclaim. Moreover, the resolution of the counterclaim was not necessary to adjudicating the claim of the creditor.

In the dispute at bar, both the facts and the law give this Court constitutional authority to sign a final order in this proceeding. Here, the Debtor filed an objection to the Proof of Claim,

not a counterclaim on an issue that was not necessary to adjudicating the claim. 11 U.S.C § 502(a) and Bankruptcy Rule 3007(a), not state law, govern objections to claims. Further, the objection is based upon another Bankruptcy Rule—i.e. Rule 3001(b)—which provides that creditors or their authorized agents have authority to execute a proof of claim. While state law determines whether the Receiver is an authorized agent of Western Oilfield, the resolution of the dispute necessarily determines the validity of the claim, which was not true in *Stern*. For these reasons, this Court concludes that *Stern* has no application and that this Court has constitutional authority to enter a final order on this issue.

**B.      The Debtor Acted in Bad Faith, and Therefore This Case Must Be Dismissed or Converted.**

The purpose of the Bankruptcy Code is to afford the honest but unfortunate debtor a fresh start, not to shield those who abuse the bankruptcy process to avoid paying their debts. *In re Nassar*, 216 B.R. 606, 608 (Bankr. S.D. Tex. 1998) (citing *In re Molitor*, 76 F.3d 218, 220 (8th Cir. 1996)). The Motion asserts that the Debtor filed his schedules with a lack of good faith by failing to list the amount of the Judgment on his schedules and by listing the claim as "[d]isputed." [Docket No. 43]. Under Section 1307(c) of the Bankruptcy Code, a court may dismiss a Chapter 13 bankruptcy petition or convert it to a Chapter 7 case "for cause." Lack of good faith can constitute "cause" to dismiss or convert a Chapter 13 petition. *In re Fonke*, 310 B.R. 809, 815 (Bankr. S.D. Tex. 2004). Moreover, pursuant to Section 1325 of the Bankruptcy Code, a court shall confirm a debtor's Chapter 13 bankruptcy plan only if it meets certain requirements including whether "the plan has been proposed in good faith" and "the action of the debtor in filing the plan was in good faith." 11 U.S.C. §1325(a)(3), (7).

No comprehensive definition of good faith exists for purposes of Section 1307; rather, courts must define good faith on a case-by-case basis. *In re Ramji*, 166 B.R. 288, 290 (Bankr. S.D. Tex. 1993). Moreover, a good faith inquiry under Sections 1325(a)(3) and (a)(7) requires a careful examination of the totality of the circumstances. *In re Chaffin*, 836 F.2d 215, 217 (5th Cir. 1988). The court may consider several factors, including whether there are any deficiencies or inaccuracies in the debtor's schedules or plan that might amount to an attempt to mislead the court. *In re Russell*, 348 B.R. 441, 448 (Bankr. S.D. Tex. 2004) (citing *In re Molitor*, 76 F.3d at 220).

Here, the Debtor listed the Judgment as a "disputed" debt on his Schedule F. [Finding of Fact No. 4]. Bad faith exists where a debtor lists a final judgment as a disputed debt in his schedules. *In re Spirit of Prayer Ministries, Inc.*, No. 07-43858-DML-11, 2009 WL 3049206, at *3 (Bankr. N.D. Tex. 2009). Western Oilfield obtained a <u>final</u> judgment against the Debtor on October 17, 2007. [Finding of Fact No. 2]. While the Judgment was a default judgment, the Texas Supreme Court has held that default judgments are final in the following cases:

> [I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001). In the Judgment, the Harris County District Court specifically stated that "this is a Final Judgment disposing of all issues and all parties, and all prior interlocutory orders of the Court in this cause are hereby made final." [Finding of Fact No. 2]. The Debtor did not appeal the Judgment. [Finding of Fact No. 2]. As such, the Judgment is a final judgment under state law that the Debtor should not have scheduled as "disputed." Rather, he should have scheduled the Judgment as an undisputed debt, in the

7

amount of $347,001.04—which is the amount unpaid on the Judgment as of the Petition Date. [Finding of Fact No. 4].

Further, even if the Debtor had a legitimate basis for disputing the Judgment, disputed claims are generally included in the debt limit calculation under Section 109(e) of the Bankruptcy Code, particularly where the debt has been liquidated. *In re Pulliam*, 90 B.R. 241, 244 (Bankr. N.D. Tex. 1988). Here, the Debtor failed to list the amount of the Judgment on his Schedule F despite the fact that the Judgment awards a specific amount, and the amount of interest that has accrued on the Judgment is readily and precisely determinable. [Finding of Fact No. 4]. Had the Debtor listed the amount of the Judgment, his aggregate debt would have exceeded the debt limit in Section 109(e) and he would not be eligible for relief under Chapter 13. [Finding of Fact No. 4]. Specifically, 11 U.S.C. § 109(e) sets forth that a debtor must have noncontingent, liquidated, unsecured debts that aggregate less than $360,475.00; and if the Debtor had properly scheduled the debt owed under the Judgment, the total amount of the Debtor's unsecured claims would be $500,689.73. [Finding of Fact No. 4].

Under the totality of these circumstances, the Court finds that the Debtor acted in bad faith in filing his Chapter 13 petition. By scheduling the Judgment as "disputed," and not listing the amount of the Judgment, the Debtor made an attempt to mislead the Court into believing he was eligible for Chapter 13 relief. Therefore, cause exists to dismiss or convert his case. *See In re Fonke*, 310 B.R. at 815.

C.     **The Receiver Does Not Have Standing to File a Proof of Claim.**

Because of the possibility that the case will be converted to a case under Chapter 7, the Court will address the Debtor's objection to the proof of claim.[1] In the Motion, Western Oilfield and the Receiver (the Movants) assert that the Receiver has authority to file a proof of claim on behalf of Western Oilfield because the Harris County District Court appointed him as a receiver under the Texas turnover statute, Tex. Civ. Prac. & Rem. Code § 31.002, and not the receivership statute, Chapter 64 of the Tex. Civ. Prac. & Rem. Code. [Docket Nos. 67 & 68]. The Movants contend that the Receiver has the authority to file a proof of claim because the requirements of a receiver under the turnover statute are distinguishable from the receivership statute, and thus the Receiver may execute and file a proof of claim for Western Oilfield in his capacity as a turnover receiver. [Docket Nos. 67 & 68]. However, the relationship between these statutes is less important than determining whether the Receiver, as a turnover receiver, has standing to file a proof of claim. Under Fed. R. Bankr. P. 3001(b), only creditors and authorized agents of creditors may file a proof of claim in a bankruptcy case. There is no question that the Receiver is not the creditor here; rather, Western Oilfield is the creditor. Thus, the real issue is whether the Receiver is an authorized agent of Western Oilfield.

"Agency is the consensual relationship between two parties where one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control." *Schultz v. Rural/Metro Corp. of New Mexico-Texas*, 956 S.W.2d 757, 760 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Under Texas law, a receiver "represents all parties interested in the litigation wherein he is appointed." *Payne v. Snyder*, 661 S.W.2d 134, 143 (Tex. App.—Amarillo 1983, writ ref'd n.r.e.). A receiver does <u>not</u> act as the agent of creditors or any other

parties, but acts as an officer of the court. *Security Trust Co. v. Lipscomb County*, 180 S.W.2d 151, 158 (Tex. 1944). As an officer of the court, a receiver is subject only to the court's control. *In re Zayas*, 347 B.R. 446, 449 (Bankr. M.D. Fla. 2006) (citing *Greenleaf Apartments v. Soltesz*, 158 B.R. 456, 458 (Bankr. S.D. Ohio 1993)) (deciding a case under Texas law). Therefore, absent a clear showing of agency, a receiver is considered solely an officer of the court and not an agent of either party involved in the case. *In re Zayas*, 347 B.R. at 449.

In its *Order Granting Turnover and Appointing Receiver*, the Harris County District Court found that "[Western Oilfield] is entitled to aid from this Court" and it granted the Receiver authority to take specified actions to "satisfy the amount owed under the judgment and this receivership." [Finding of Fact No. 3]. This language indicates that the Receiver is acting as an officer of the Harris Country District Court, subject to that court's control, to collect the Judgment that the Harris County District Court awarded to Western Oilfield. This language does not indicate that the Receiver is an agent of Western Oilfield subject to Western Oilfield's control. Further, this Court does not find any other credible evidence indicating that the Receiver is an authorized agent of Western Oilfield. Therefore, because the Receiver is not an authorized agent of Western Oilfield, this Court concludes that the Receiver does not have standing to file a proof of claim for Western Oilfield under Bankruptcy Rule 3001(b).

### IV. CONCLUSION

Based on the foregoing discussion, the Court concludes that the Debtor has acted in bad faith by improperly scheduling the Judgment. Therefore, the Motion will be granted, and the Court will give Western Oilfield the option of dismissing the Debtor's case or converting it to a case under Chapter 7. Should Western Oilfield choose to convert his case to one under Chapter

---

[1] The Court will give Western Oilfield the choice of having this case converted or dismissed. If Western Oilfield

7, this Court has concluded that the Receiver appointed by the Harris County District Court does not have standing to file the Proof of Claim on behalf of Western Oilfield; therefore, in a converted Chapter 7 case, the Proof of Claim will not be allowed. Western Oilfield, however, will have the right to file its own proof of claim if the case is converted. Should Western Oilfield choose to have this case dismissed, then the dismissal will be with prejudice to refiling due to the Debtor's bad faith conduct. *In re Nassar*, 216 B.R. at 608; *In re Russell*, 348 B.R. at 449.

An order consistent with this Opinion will be entered on the docket simultaneously with the entry on the docket of this Opinion.

Signed on this 13th day of March, 2012.

Jeff Bohm
United States Bankruptcy Judge

---

chooses to have this case converted, then the validity of its proof of claim is still an issue.